IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:17-CR-270 |
| | ) | |
| BREXTON REDELL LLOYD, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

In 2017, the defendant, Brexton Lloyd, was convicted in this district of one count of conspiracy to possess dogs with the purpose of having them engage in an animal fighting venture, and two counts of possession of dogs with the purpose of having them engage in an animal fighting venture.   Doc. 38.   He was sentenced to 12 months and one day of imprisonment, to be followed by three years of supervised release.

Mr. Lloyd's term of supervised release began on August 1, 2019.  *See* Doc. 46 at 2 n.1.  On August 5, 2020, Mr. Lloyd moved for early termination of his supervised release, Doc. 44, which will otherwise not expire until July 31, 2022.  Doc. 45 at 1.

The district court may "terminate a term of supervised release and discharge the defendant" only "after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."   18 U.S.C. § 3583(e) (1); *see United States v. Pregent*, 190 F.3d 279, 282-83 (4th Cir. 1999).  In considering whether to terminate supervised release, courts must consider the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), and (a)(4) to (a)(7) before terminating supervised release.  § 3583(e).  Ordinarily, "mere compliance

with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination." *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003); *see also Folks v. United States*, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010).

Mr. Lloyd contends that his supervised release should be terminated because the statute only allows a one-year period of supervised release. [1] He bases this argument on a claim that his crimes of conviction are Class E felonies, which have a maximum supervised release term of one year. While Mr. Lloyd is correct that Class E felonies have a one-year cap on supervised release, *see* 18 USC § 3559(a)(5), he is not correct that his crimes of conviction are Class E felonies.

A Class E felony is any crime where the maximum term of imprisonment is "less than five years but more than one year." § 3559(a)(5), while a Class D felony, which has a cap of three years for supervised release, is any crime where the maximum term of imprisonment is "less than ten years but five or more year(s)." § 3559(a)(4). The crimes of possessing dogs for fighting, 7 U.S.C. § 2156, and conspiracy to possess dogs for dog fighting, 18 U.S.C. § 371, subject a defendant to "imprison[ment] for not more than 5 years." 18 U.S.C. 49. Thus, these crimes carry a maximum term of imprisonment of five years, not less than five years, and are Class D felonies, *see* § 3559 (4), for which the maximum term of supervised release is three years. 18 U.S.C. § 3583(b)(2). To the

---

[1] The Court questions whether this kind of alleged legal error is appropriate for review or consideration as part of a §3583(e) (1) motion, but rather than delve into that minefield, the Court assumes without deciding that it would be appropriate to consider as part of the "interest of justice" evaluation in § 3583(e)(1).

extent Mr. Lloyd bases his motion on an asserted legal error in the length of the supervised release term, the Court rejects that argument.

Mr. Lloyd cites his compliance with the terms of his supervised release, together with his lack of criminal record, military service, PTSD and low risk of recidivism as grounds for early termination. At the time of sentencing, the Court was aware of all these facts other than his compliance with the terms of supervised release for one year. Indeed, they were the basis for a downward departure from the guideline range. Doc. 39 at 3. As noted by the Court at the sentencing hearing, a three-year term of supervised release was appropriate, despite Mr. Lloyd's lack of a criminal record and his employment history, given his involvement in the dogfighting world culture for quite a while. Doc. 42 at 42; *see* 3553(a)(1). Mr. Lloyd continues to live on the rural, isolated property where he committed the crime in the first place, making supervision an important safeguard against recidivism. § 3553(a)(2)(C). Less time on supervised release would also result in an unwarranted sentencing disparity. *See* Doc. 46 at 7 (noting all co-defendants but one received 3 years of supervised release).

Mr. Lloyd is doing well on supervised release, as expected, and the Court commends him. As a result, some of the conditions of his supervised release have been modified to be less restrictive, as is appropriate.

But courts expect defendants to comply with supervised terms, and ordinarily satisfactory compliance is not, by itself, a reason to reduce a criminal sentence. The statute explicitly directs courts to consider the nature and circumstances of the offense, protection of the public, unwarranted sentencing disparities, and deterring criminal

3

conduct when evaluating § 3583(c)(1)(A) motions. *See* § 3553(e) (directing consideration of § 3553(a)(1) (nature and circumstances); § 3553(a)(6) (sentencing disparities); § 3553(a)(2)(B) (deterrence); and 3553(a)(2)(C) (protecting the public)). Appropriate restrictions on a person's liberty are a normal and acceptable part of supervised release.

As such, considering the nature and circumstances of the offense, the need to protect the public, deter criminal conduct, and avoid unwarranted sentencing disparities, and the fact that Mr. Lloyd has only been on supervised release for a little over a year for his long-term involvement in an interstate dog-fighting ring, the Court will deny the motion.

It is **ORDERED** that the defendant's motion for early termination of supervised release, Doc. 44, is **DENIED**.

This the 28th day of September, 2020.

UNITED STATES DISTRICT JUDGE

4