IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:17-CR-270 |
| | ) | |
| BREXTON REDELL LLOYD, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

In 2017, the defendant, Brexton Lloyd, was convicted in this district of one count of conspiracy to possess dogs with the purpose of having them engage in an animal fighting venture, and two counts of possession of dogs with the purpose of having them engage in an animal fighting venture. Doc. 38. He was sentenced to 12 months and one day of imprisonment, to be followed by three years of supervised release.

Mr. Lloyd's term of supervised release began on August 1, 2019. *See* Doc. 46 at 2 n.1. On August 5, 2020, Mr. Lloyd moved for early termination of his supervised release, Doc. 44, which will otherwise not expire until July 31, 2022. Doc. 45 at 1. The Court denied the motion on September 28, 2020. Doc. 47. Mr. Lloyd filed the current motion on February 9, 2021. Doc. 48.

The district court may "terminate a term of supervised release and discharge the defendant" only "after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e) (1); *see United States v. Pregent*, 190 F.3d 279, 282-83 (4th Cir. 1999). In considering whether to terminate supervised release, courts must

consider the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), and (a)(4) to (a)(7) before terminating supervised release. § 3583(e). Ordinarily, "mere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination." *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003); *see also Folks v. United States*, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010).

Mr. Lloyd has complied with the conditions of supervison. As noted by the Court in its earlier Order, however, courts expect defendants to comply with supervised terms, and ordinarily satisfactory compliance is not, by itself, a reason to reduce a criminal sentence. The statute explicitly directs courts to consider the nature and circumstances of the offense, protection of the public, unwarranted sentencing disparities, and deterring criminal conduct when evaluating § 3583(c)(1)(A) motions. *See* § 3553(e) (directing consideration of § 3553(a)(1) (nature and circumstances); § 3553(a)(6) (sentencing disparities); § 3553(a)(2)(B) (deterrence); and 3553(a)(2)(C) (protecting the public)). Appropriate restrictions on a person's liberty are a normal and acceptable part of supervised release.

While the Probation Office does not object to early termination of Mr. Lloyd's supervised release, Doc. 49, the Government continues to oppose early termination. Doc. 50. Mr. Lloyd primarily relies on the fact that he has now completed 18 months of his term of supervised release. Little else has changed since the Court's order denying his first motion. He received a variant sentence below the guideline range, and supervised release is an appropriate part of his sentence. As such, considering the nature and

circumstances of the offense, the need to protect the public, deter criminal conduct, and avoid unwarranted sentencing disparities, and the fact that Mr. Lloyd has only been on supervised release for a little over 18 months for his long-term involvement in an interstate dog-fighting ring, the Court will deny the motion.

It is **ORDERED** that the defendant's motion for early termination of supervised release, Doc. 48, is **DENIED**.

This the 9th day of March, 2021.

_____
UNITED STATES DISTRICT JUDGE